UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMMEX CORPORATION, a Washington corporation,<br><br>                   Plaintiff,<br>    v.<br><br>MEDLOGIX SURGICAL SOLUTIONS, LLC d/b/a KWEST SOURCING, a Texas corporation; and PARKER LEE, an individual,<br><br>                   Defendants. | CASE NO. 2:21-cv-01441-TL<br><br>ORDER DENYING DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiff's motion for entry of a default judgment against Defendant Medlogix Surgical Solutions, LLC d/b/a Kwest Sourcing ("Defendant Medlogix") (Dkt. No. 20).[1] Having reviewed the relevant record and governing law, the Court DENIES the motion.

---

[1] The case was re-assigned to Judge Lin on December 13, 2021.

ORDER DENYING DEFAULT JUDGMENT - 1

## I. Background

On December 3, 2021, the Court ruled that entry of default judgment against co-Defendant Parker Lee was appropriate. Dkt. No. 14. On March 4, 2022, Plaintiff Ammex Corporation moved for entry of default against Defendant Medlogix. Dkt. No. 20. Like Defendant Lee, Defendant Medlogix has failed to appear in or otherwise defend this action. Dkt. Nos. 11, 19.

## II. Discussion

Default judgments are generally disfavored, as "[c]ases should be decided on their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Whether to enter default judgment under Federal Rule of Civil Procedure 55(b) is a discretionary matter. *See DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 852 (9th Cir. 2007) *cert. denied* 555 U.S. 937 (2008) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) and *Eitel*, 782 F.2d at 1471–72). When exercising that discretion, a district court may consider factors such as the following (collectively, "*Eitel* factors"):

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect[;] and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72.

At the default judgment stage, "[t]he district court is not required to make detailed findings of fact" about liability. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002), *cert. denied*, 537 U.S. 1018 (2002). In its review, "this court takes the well-pleaded factual allegations in the complaint as true." *DIRECTV, Inc.*, 503 F.3d at 854 (internal quotations and citations omitted). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*,

1   980 F.2d 1261, 1267 (9th Cir. 1992). Significantly, the "amount of damages" claimed is not

2   taken as true upon entry of default. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th

3   Cir. 2016) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). "It is well

4   settled that a default judgment for money may not be entered without a hearing unless the

5   amount claimed is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*,

6   1154, 1161 (9th Cir. 1981). Indeed, the federal rules of civil procedure contemplate that a court

7   may need to "determine the amount of damages" in order to "enter or effectuate judgment." *See*

8   Fed. R. Civ. P. 55(b)(2).

9         Because Plaintiff has not provided clear and specific damages computations, the Court

10  DENIES the motion for entry of default judgment. Plaintiff Ammex Corporation submitted

11  inadequate briefing for the Court to enter default judgment at this time. The Court is unable to

12  determine how Plaintiff calculated some of the damages requested. Plaintiff avers that per the

13  complaint, "Defendant is indebted to Plaintiff in the sum certain amount of $167,113.00." Dkt.

14  No. 21 at 2. The Court finds no basis for this calculation other than Plaintiff's counsel's

15  statement in his declaration in support of the motion that simply refers to the allegation in the

16  Complaint. *See id*. The complaint alleges that Defendants owe a judgment principal totaling

17  $165,794.00, plus interest, under two order invoices that Defendant Medlogix never paid. Dkt.

18  No. 1 at 2. However, the default judgment briefing provides neither any explanation of how

19  Plaintiff has arrived at the figure $167,113.00 nor any evidence supporting the figure, in a failure

20  to comply with LCR 55(b)(2). Plaintiff further has requested attorney fees and costs totaling

21  $2,820.00. *See* Dkt. No. 20-2 at 1. While Plaintiff has provided documentary evidence for

22  attorney fees and costs, Plaintiff has only shown $2,319.00 in such expenses. *See* Dkt. No. 21 at

23  2 ("The total fees inclusive of all time are $1917.00. The total costs are $402.00."); *id*. at 8–10

24  (itemizing $1917.00 in attorney fees and $402.00 in costs for the complaint filing fee).

ORDER DENYING DEFAULT JUDGMENT - 3

Plaintiff shall file and serve any renewed motion for default judgment **no later than July 14, 2022**. The motion must include all types of relief Plaintiff seeks (*i.e.*, damages, equitable relief, attorney fees). Failure to include a request for a particular type of relief in the motion shall result in denial of that relief. At minimum, Plaintiff's motion must address: (1) the procedural history of this action; (2) the requirements of Local Civil Rule 55(b); (3) the default judgment factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986); and (4) the legal and factual bases—with specific citations to statutes and case law—for calculations of damages, attorney fees, and costs. These calculations must be detailed, clear, thorough, and supported by citations to the underlying admissible evidence (*e.g.*, contracts, spreadsheets, declarations). Plaintiff shall not seek recovery of the attorney fees associated with the filing of this deficient motion.

Plaintiff is advised that failure to file a compliant motion for default judgment, or to provide the Court sufficient information to determine any issue or damages calculation, may result in: (a) denial of the motion; (b) this action being dismissed for failure to prosecute; or (c) this action being dismissed for failure to comply with this Order. *See* Fed. R. Civ. P. 41(b); *see also Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("district court has inherent power to dismiss case *sua sponte* for failure to prosecute") (internal citation omitted); *Ferdick v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *cert. denied*, 506 U.S. 915 (1992) ("the district court may dismiss an action for failure to comply with any order of the court").

### III.   Conclusion

The motion for entry of default judgment (Dkt. No. 20) is DENIED without prejudice. Plaintiff may file a renewed motion for default judgment that complies with this Court's instructions detailed herein by **no later than July 14, 2022**.

Dated this 14th day of June 2022.

Tana Lin
United States District Judge

ORDER DENYING DEFAULT JUDGMENT - 5